E-FILED
Thursday, 09 December, 2010 02:12:28 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MARVIN JAMES HAMILTON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 10-cv-4028 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

# O P I N I O N & O R D E R

Petitioner, Marvin James Hamilton, is before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1), which he filed on March 22, 2010. Respondent filed United States' Response to Petitioner's Motion Under § 2255 (Doc. 4) on June 2, 2010. On July 6, 2010, Petitioner filed a Reply entitled "Petitioner's Motion for Traverse" (Doc. 5). Finally, on September 13, 2010, Petitioner filed a Motion to Amend his § 2255 Petition (Doc. 6).

Petitioner has requested an evidentiary hearing on his claims. (Doc. 1). He is entitled to an evidentiary hearing only if he has alleged facts that, if proven, would entitle him to relief. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). Because the Court can determine from the motion, facts, and the record of the case that Petitioner is not entitled to relief, Petitioner's request for an evidentiary hearing is DENIED. *See Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). For the reasons stated below, Petitioner's Motion to Amend is DENIED

and Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED.

## BACKGROUND

On January 29, 2008, an indictment was returned against Petitioner, charging him with Conspiracy to Distribute Crack Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (Count 1), and Possession with Intent to Distribute Crack Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 2). (Doc. 4 at 1). A jury trial was held on October 27 and October 28, 2008. At the trial, a Mr. Simmons and a Mr. Pullman, both of whom had previously been arrested and pled guilty to similar conspiracy charges, testified against the Petitioner. (Tr. at 28-78; 136-165)[1]. Both men testified that Petitioner was with them earlier during the night that they were arrested, and that he had several times "cooked" powder cocaine into crack cocaine for Pullman. (Tr. at 38, 142). On October 28, 2008, a jury found Petitioner guilty on both counts. (Doc. 4 at 2). Petitioner was sentenced to the mandatory minimum 240 months imprisonment on each count, to run concurrently, ten years supervised release, and a $200 special assessment. (Doc. 4 at 2).

One day after judgment was entered, of February 10, 2009, Petitioner filed a Notice of Appeal. (Doc. 4 at 2). Petitioner was appointed a new attorney,[2] who filed an *Anders* brief addressing two issues: 1) whether this Court erred in denying

---

[1] "Tr." refers to the transcript of Petitioner's jury trial, which can be found in Documents 87 and 88 of Petitioner's criminal case, numbered 4:08-cr-40006.
[2] Petitioner's trial attorney was granted leave to withdraw from representing Petitioner on appeal. (Doc. 4 at 2).

2

Petitioner's objections to drug quantity and finding that Petitioner was responsible for at least 500 grams of crack cocaine; and 2) whether this Court erred in finding that Petitioner was a manager or supervisor in the conspiracy. (Doc. 4 at 2-3). On November 5, 2009, the Seventh Circuit Court of Appeals held that this Court's finding of at least 500 grams of cocaine was supported by ample evidence, and that although there was little evidence to support the leadership enhancement, Petitioner was nevertheless subject to the 20-year statutory minimum and thus any error in applying the leadership enhancement was harmless. *United States v. Hamilton*, 350 Fed. Appx. 80 (7th Cir. 2009).

On March 22, 2010, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence. (Doc. 1). In his Motion, Petitioner raises two grounds for relief. First, Petitioner claims that his trial counsel provided ineffective assistance when he failed to request a "buyer-seller agreement" jury instruction. (Doc. 1 at 4). Second, Petitioner claims that his appellate counsel provided ineffective assistance by failing to submit, on direct appeal, newly discovered evidence that Simmons, who had served as a government witness in Petitioner's case, had since committed perjury in violation of his cooperation agreement. (Doc. 1 at 5). Petitioner claims that this new evidence entitled him to a new trial. (Doc. 1 at 5).

On September 13, 2010, Petitioner filed another motion, seeking to amend his § 2255 Petition due to the recent enactment of the Fair Sentencing Act of 2010 ("FSA"). (Doc. 6). Petitioner claims that the law should be applied retroactively, and accordingly this Court should hold an evidentiary hearing to determine if

Petitioner is entitled to immediate release from custody based upon a sentence recalculated under the new law. (Doc. 6 at 17). The Court will first consider Petitioner's Motion to Amend, and then analyze his §2255 Motion as filed.

## MOTION TO AMEND

On August 3, 2010, the President signed the FSA into law. *United States v. Bell*, ---F.3d---, 2010 WL 4103700, at *10 (7th Cir. Oct. 20, 2010) The new law amended the Controlled Substances Act and Controlled Substances Import and Export Act by resetting the drug quantities required to trigger mandatory minimum sentences. *Id*. For example, the drug quantity that triggers a ten year mandatory minimum has been increased from 50 grams to 280 grams. *United States v. Gibbs*, No. 10-1509, 2010 WL 4723337, at *2 (7th Cir. Nov. 22, 2010) (*comparing* 21 U.S.C. § 841(b)(1)(A)(iii) (2008) *with* 21 U.S.C. § 841(b)(1)(A)(iii) (2010)).

In filing his Motion to Amend, Petitioner seeks to have this Court declare that the former statutory guidelines were unconstitutional and thus apply the new law to his sentence. In essence, Petitioner is seeking the retroactive application of the FSA. (Doc. 6 at 17). As such, Petitioner's claim would be barred by existing Seventh Circuit precedent, which holds that the FSA does not have retroactive application. *Bell*, 2010 WL 4103700, at *10; *Gibbs*, 2010 W: 4723337, at *2; *see also United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010); *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010). Because the FSA does not apply retroactively, Petitioner's claim seeking retroactive application would be futile. Moreover, even if the FSA were held to apply retroactively, the statutory minimum

4

of ten years would still apply to Petitioner because Petitioner was found to have been responsible for at least 500 grams of crack cocaine, and pursuant to the FSA the ten year minimum is invoked for only 280 grams. Accordingly, Petitioner's Motion to Amend his §2255 Petition is DENIED.

**MOTION UNDER § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

In his Motion to Vacate filed on March 22, 2010, Petitioner raises two claims for relief. First, Petitioner alleges that his trial counsel provided ineffective assistance because he failed to request a "buyer-seller agreement" jury instruction. (Doc. 1 at 4). Petitioner also claims that his appellate counsel provided ineffective assistance because she failed to submit newly discovered evidence which Petitioner believes entitled him to a new trial. (Doc. 1 at 5).

Section 2255 of Chapter 28 of the United States Code provides that a sentence may be vacated, set aside, or corrected "upon the ground that the sentence was imposed in violation of the Constitution." One such ground is the ineffective assistance of counsel in violation of the Sixth Amendment Right to Counsel. For Sixth Amendment claims of ineffective counsel, the Supreme Court established a two-prong test in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail, Petitioner must establish that (1) counsel's representation fell below the threshold of objective reasonableness, and (2) but for counsel's deficiency, "there is a reasonable probability that . . . the result of the proceeding would have been different." *Id.* at 687, 694. In evaluating counsel's representation, the Court must be highly deferential and "indulge a strong presumption that counsel's conduct falls

5

within the wide range of reasonable professional assistance." *Id*. at 689. However, if Petitioner fails to show that counsel's alleged failure prejudiced his case, this Court need not even consider the first prong of whether Petitioner's counsel acted outside of the range of professionally competent assistance. *Id*. at 697 ("if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

With regards to Petitioner's claim that his trial counsel was ineffective for failing to request a "buyer-seller agreement" jury instruction, the Court finds that Petitioner has failed to establish that his counsel's decision not to submit the instruction rendered his assistance below the threshold of objective reasonableness. The evidence presented at trial showed that in addition to buying cocaine from Mr. Pullman (Tr. At 36), and selling it to others (Tr. at 82-83), Petitioner on multiple occasions "cooked" powder cocaine into crack cocaine for Mr. Pullman in return for drugs (Tr. at 38-44). This crack cocaine would then be sold by Mr. Pullman. (Tr. at 142). In addition, Petitioner secured the home in which the "cooking" was performed (Tr. at 46; 60) and provided the scale used to divide the crack cocaine for resale (Tr. at 57).

The fact that all of these actions were put into evidence at trial made it reasonable for Petitioner's trial counsel to believe that a simple "buyer-seller agreement" instruction was not appropriate or supported by the facts of this case. The Seventh Circuit Pattern Jury Instruction regarding "Buyer-Seller Relationship" reads as follows: "The existence of a simple buyer-seller relationship between a

6

defendant and another person, without more, is not sufficient to establish a conspiracy, even where the buyer intends to resell [the drugs]. The fact that a defendant may have bought [the drugs] from another person or sold [the drugs] to another person is not sufficient without more to establish that the defendant was a member of the charged conspiracy." JI7C 6.12. Here, Petitioner was actively engaged in the production of the crack cocaine for resale, thus demonstrating more than a simple buyer-seller relationship. In light of the highly deferential level of review mandated for ineffectiveness claims, the Court cannot find that counsel's decision that such instruction was not justified fell outside of the reasonable range of a trial counsel's discretion. As such, Petitioner's first claim for relief is denied.

With regards to Petitioner's second claim for relief—that his appellate counsel was ineffective for failing to seek remand based upon newly discovered evidence—the Court finds that Petitioner has failed to show any prejudice therefrom. Approximately six months following Petitioner's trial, Simmons lied to DEA Agents regarding conversations he claimed to have had with a fellow inmate. (Doc. 1 at 38-39). According to Simmons, he fabricated these stories in an effort to receive a greater sentence reduction. (Doc. 1 at 38-39). The U.S. Attorney, in "an abundance of caution," disclosed this information to Petitioner's attorney on October 26, 2009, while his appeal was still pending.[3]

Petitioner claims that the fact that Simmons lied under his cooperation agreement, which agreement the Government had used to bolster Simmons'

---

[3] The lies told by Simmons had no substantive connection to Petitioner or Petitioner's case.

7

credibility at Petitioner's trial, constitutes "new evidence" which undermines Simmons' and the Government's credibility, and thus entitles him to a new trial. (Doc. 1 at 16-23). Petitioner further claims that his appellate counsel was ineffective for having failed to raise this issue before the Seventh Circuit. (Doc. 1 at 22-23). While Petitioner may be correct in his argument that Simmons' subsequent fabrications constitute new evidence which would undermine Simmons' credibility, the Court finds that his appellate counsel was not ineffective for failing to raise the issue before the Seventh Circuit. In order to justify a new trial on the basis of newly discovered evidence, Petitioner "must demonstrate that the evidence at issue: (1) came to the [Petitioner's] knowledge only after trial; (2) could not have been discovered sooner through the exercise of due diligence; (3) is material, and not merely impeaching or cumulative; and (4) would probably lead to an acquittal in the event of a new trial." *United States v. Hubbard*, 22 F.3d 1410, 1423 (7th Cir. 1994) (*quoting United States v. DePriest*, 6 F.3d 1201, 1216-17 (7th Cir. 1993). Here, there is a clear issue with regards to the fourth prong of the test.

At Petitioner's jury trial, both Pullman and Vincent Shepard testified in detail about how Petitioner "cooked" cocaine for Pullman on multiple occasions. (Tr. at 38-43; 83-92). Further, Pullman testified that he sold crack cocaine both to Petitioner and to others (Tr. at 33-36); and Shepard testified that Petitioner sold crack cocaine to him (Tr. at 82). Accordingly, even without Simmons' testimony, there was sufficient evidence on the record at trial to justify Petitioner's conviction. Because absent Simmons testimony there was sufficient evidence to convict

8

Petitioner for the charges brought against him, Petitioner cannot show that the "new evidence" of Simmons' fabrications in violation of the cooperation agreement would probably lead to an acquittal in the event of a new trial. As such, Petitioner was not prejudiced by his appellate counsel's failure to seek rehearing, and his claim for ineffectiveness of appellate counsel is also denied.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, this Court "must issue or deny a certificate of appealability when it enters an order adverse to the applicant." A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If the district court denies the certificate a petitioner may request that a circuit judge issue one. FED. R. APP. PROC. 22(b)(1)(3).

For the reasons stated above, this Court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right. Accordingly, it declines to issue a certificate of appealability.

### CONCLUSION

For the foregoing reasons, Petitioner's Motion to Amend (Doc. 6) is DENIED, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

9

Sentence is DENIED, and a certificate of appealability is DENIED. IT IS SO ORDERED.

CASE TERMINATED.

Entered this 8th day of December, 2010.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                        United States Senior District Judge