# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

MARVIN JAMES HAMILTON,     )
     )
   Petitioner     )
     )
     v.     )     Case No.  10-cv-4028
     )
UNITED STATES OF AMERICA,     )
     )
   Respondent.     )

## O P I N I O N   &   O R D E R

Before the Court is Petitioner Marvin James Hamilton's Motion for Reconsideration of this Court's Order and Opinion of December 8, 2010, denying Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (Doc. 9). Also pending are a Motion Requesting Order from the Court for a 20-Day Extension of Time to File a Response to Government's Response to Petitioner's Motion (Doc. 10)[1] and a Request to Grant his Motion for Reconsideration (Doc. 11).[2] For the following reasons, Petitioner's Motion for Reconsideration (Doc. 9) is DENIED. Accordingly, his request for an order granting his Motion for Reconsderation (Doc. 11) is also DENIED.

---

[1] The Government elected not to file a Response to Petitioner's Motion for Reconsideration, rendering this motion (Doc. 10) MOOT.

[2] The full title of Petitioner's final motion is "Petitioner Request An Order Enter From the Court Granting his Petition Filed Pursuant to Rule 59(e) Where the Government Conceded Through Its Silence That Hamilton's Issues Sufficiently Warrant Evidentiary Hearing to Determine Whether a New Trial is Suffice." (Doc. 11).

**BACKGROUND**

On October 28, 2008, a jury found Petitioner guilty of Conspiracy to Distribute Crack Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, and Possession with Intent to Distribute Crack Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Doc. 4 at 1). Petitioner was sentenced to the mandatory minimum 240 months imprisonment on each count, to run concurrently, ten years supervised release, and a $200 special assessment. (Doc. 4 at 2). On March 22, 2010, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (Doc. 1). In his § 2255 Petition, Petitioner raised two grounds for relief: 1) ineffective assistance of trial counsel for failure to proffer a "buyer-seller agreement" jury instruction; and 2) ineffective assistance of appellate counsel for failure to submit, on direct appeal, newly discovered evidence that one of the government's key witnesses at Petitioner's trial had since violated the cooperation agreement under which he testified. (Doc. 1 at 4-5). On September 13, 2010, Petitioner filed a Motion to Amend his § 2255 Petition due to recent enactment of the Fair Sentencing Act of 2010 ("FSA"). (Doc. 6). Petitioner alleged that the FSA should be applied retroactively, and that his sentence should be reduced accordingly. (Doc. 6 at 17).

On December 8, 2010, this Court entered an Order and Opinion denying Petitioner's Motion to Amend and his § 2255 Petition. (Doc. 7). The Court found that Petitioner's Motion to Amend would be futile as the FSA does not apply retroactively, and that Petitioner could not sustain either of his ineffective

assistance claims. (Doc. 7). With regards to Petitioner's claim that his appellate counsel was ineffective, the Court found that Petitioner failed to show that he suffered any prejudice from the allegedly deficient performance of his counsel. (Doc. 7 at 7). While Petitioner's case was on direct appeal, the government informed his counsel that Mr. Simmons, one of the men who testified against Petitioner at trial, had lied to DEA Agents, after the completion of Petitioner's trial and in connection with a separate investigation. (Doc. 1 at 38-39). Petitioner claimed that the fact that Simmons lied was a violation of the cooperation agreement pursuant to which Simmons had testified against him, and that this new evidence undermined Simmons credibility and entitled him to a new trial. (Doc. 1 at 16-23). The Court found, however, that even without Simmons' testimony it was unlikely that Petitioner would have been acquitted, and therefore Petitioner could not show the requisite prejudice to succeed on his ineffective assistance claim. (Doc. 7 at 8).

Petitioner now asks the Court to reconsider its decision pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 9). Specifically, Petitioner seeks reconsideration of the Court's opinion that his appellate counsel was not ineffective for failing to submit new evidence on appeal.

## DISCUSSION

Petitioner brings his Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 9 at 1). "A court may grant a Rule 59(e) motion . . . if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a

manifest error of law or fact." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996). Here, Petitioner alleges that the Court committed a manifest error of law when it held that he was not prejudiced by his appellate counsel's failure to raise new evidence on appeal. (Doc. 9). In making its original determination, the Court examined the test articulated by the Seventh Circuit for what type of newly discovered evidence is sufficient to justify a new trial. (Doc. 7 at 8). Pursuant to this test, Petitioner must show that the new evidence at issue "(1) came to the [Petitioner's] knowledge only after trial; (2) could not have been discovered sooner through the exercise of due diligence; (3) is material, and not merely impeaching or cumulative; and (4) would probably lead to an acquittal in the event of a new trial." *United States v. Hubbard*, 22 F.3d 1410, 1423 (7th Cir. 1994).

In its Order and Opinion of December 8, 2010, the Court stated that there was a clear issue with regards to the fourth prong of the test, i.e., that the presentation of the fact that Simmons lied to DEA Agents after Petitioner's trial, on an unrelated matter, would lead to an acquittal of Petitioner in the event of a new trial. (Doc. 7 at 8-9). The Court made this determination based upon the fact that, even barring Simmons' testimony, there was enough other evidence at trial to justify Petitioner's conviction. (Doc. 7 at 8). This holding does not implicate, as alleged by Petitioner, that the Court found that the newly discovered evidence fulfilled the other prongs of the stated test. The Court simply did not consider those prongs because it was clear that Petitioner failed under the fourth, and therefore was not prejudiced by the performance of his appellate counsel. However,

Petitioner would also fail under the third prong, which is that the new evidence must be material rather than merely impeaching or cumulative. *See Hubbard*, 22 F.3d at 1423. The new evidence would only serve to impeach Simmons credibility, it would not go to any substantive portion of Petitioner's case. Moreover, as the Court found in its previous Order and Opinion, Simmons' testimony was cumulative of at least one other co-conspirator, and therefore was not necessary to establish Petitioner's guilt. Accordingly, the Court finds that a manifest error of law was not committed, and Petitioner's Motion for Reconsideration is DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion for Reconsideration (Doc. 9) is DENIED. Accordingly, his Request for an Order Granting his Motion for Reconsideration (Doc. 11) is also DENIED, and his Motion for Extension of Time (Doc. 10) is MOOT. IT IS SO ORDERED.

CASE TERMINATED.

Entered this 14th day of April, 2011.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge